J-S87010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN DENNIS FREDERICK, | |
| Appellant | No. 1187 MDA 2016 |

Appeal from the PCRA Order July 7, 2016
in the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0000743-1975

BEFORE:  LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JANUARY 17, 2017**

Appellant, Steven Dennis Frederick, appeals, *pro se*, from the order of July 7, 2016, dismissing, without a hearing, his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Because the petition is untimely without an applicable exception, we affirm.

We take the underlying facts and procedural history in this matter from our independent review of the certified record.  On May 24, 1977, a jury convicted Appellant of murder of the first degree, burglary, aggravated assault, robbery, and theft by unlawful taking.  On June 5, 1980, the trial court sentenced Appellant to life in prison without the possibility of parole.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On May 27, 1983, the Pennsylvania Supreme Court affirmed the judgment of sentence in a *per curiam* order.[1] (**See Commonwealth v. Frederick**, 460 A.2d 752 (Pa. 1983)). Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court.

Appellant filed a counseled first PCRA petition in 1988. The trial court denied the petition on March 29, 1989. This Court affirmed the denial of the petition on July 23, 1990. (**See Commonwealth v. Frederick**, 580 A.2d 1163 (Pa. Super. 1990) (unpublished memorandum)). Subsequently, the Pennsylvania Supreme Court affirmed *per curiam*. (**See Commonwealth v. Frederick**, 601 A.2d 807 (Pa. 1992)).

On March 16, 2016, Appellant, acting *pro se*, filed the instant PCRA petition seeking to vacate his sentence pursuant to **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016). On June 21, 2016, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Appellant filed a response on July 1, 2016. On July 7, 2016, the PCRA court dismissed the petition as untimely. The instant, timely appeal followed.[2]

_____

[1] Appellant appealed the judgment of sentence directly to the Pennsylvania Supreme Court. **See** Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, No. 223, Art. II, § 202, repealed and reenacted in part, Act of September 23, 1980, P.L. 686, No. 137, 42 Pa.C.S.A. § 722.

[2] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). However, Appellant filed
*(Footnote Continued Next Page)*

On appeal, Appellant raises the following question for our review:

I. Did the [PCRA] court abuse its discretion in denying Appellant's subsequent PCRA invoking 42 Pa.C.S.[A.] § 9545(b)(1)(iii) where Appellant's PCRA was filed within sixty [] days in the wake of [**Montgomery**, **supra**] where the [United States Supreme Court] utilized the 1880 holding of **Ex [P]arte Siebold**, 100 U.S. 371 (1880) as the genesis of a newly recognized constitutional right made applicable to the [states] pursuant to the Supremacy Clause of the U.S. Const. art. VI, cl. 2 where Appellant's judgment of sentence is void *ab initio* where the statute (18 Pa.C.S.[A.] § 1311) utilized as statutory authorization by the sentencing court was found unconstitutional in its entirety thus manifestly warranting discharge and/or resentencing?

(Appellant's Brief, at 4).

Our standard of review for an order denying PCRA relief is well-settled:

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. . . .

**Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted). However, "if a PCRA [p]etition is untimely, a trial court has no jurisdiction to entertain the petition." **Commonwealth v. Hutchins**, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

Here, Appellant filed his PCRA petition on March 16, 2016. The PCRA provides that "[a]ny petition under this subchapter, including a second or

_____
*(Footnote Continued)*

a *pro se* Rule 1925(b) statement on July 18, 2016. **See id.** On August 2, 2016, the PCRA court filed an opinion. **See** Pa.R.A.P. 1925(a).

subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). Appellant's judgment of sentence became final on July 26, 1983, after the sixty-day period to file a petition for a writ of *certiorari* with the United States Supreme Court expired. *See* former U.S.Sup.Ct.R. 20.

Because Appellant did not file his current petition until March 16, 2016, the petition is facially untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Thus, he must plead and prove that he falls under one of the exceptions at Section 9545(b) of the PCRA. *See id.*

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii). Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within [sixty] days of the date the claim could have been presented." *Id.* at § 9545(b)(2). The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's

burden to plead and prove that one of the above-enumerated exceptions applies. *See, e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

In the instant matter, Appellant appears to contend that his petition is timely under Section 9545(b)(1)(iii), specifically that the United States Supreme Court's decision in *Montgomery*, *supra*:

> is not applicable to juvenile offender's (sic) only but to any and all United States [c]itizens serving an illegal and/or unconstitutionally impose (sic) judgment of sentence of imprisonment where the [trial] court never had the statutory authority (jurisdiction) to impose the punishment where the punishment was not, in fact and law, authorized by duly promulgated substantive law that would merit relief from the unconstitutionality imposed judgment of sentence.

(Appellant's Brief, at 7). We disagree.

Here, Appellant does not argue that he was a juvenile at the time he committed the offense and thus is eligible for relief under *Miller v. Alabama*, 132 S.Ct. 2455 (2012). (*See* Appellant's Brief, at 10). Rather, he argues that *Montgomery* requires all new substantive rules of constitutional law be retroactive in cases regarding allegedly unconstitutional sentences.[3] (*See id.* at 7, 11). However, *Montgomery*, *supra*, has no bearing on Appellant's case. In *Montgomery*, the United States Supreme

_____

[3] We note Appellant has met the sixty–day statutory filing requirements of the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(2). *Montgomery* was decided on January 25, 2016 and revised on January 27, 2016. Appellant filed the instant petition on March 16, 2016, within the sixty–day limit.

Court held that its decision in **Miller**, **supra** applies retroactively to cases on collateral review. **See Montgomery**, **supra** at 736. **Miller** held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole upon a homicide defendant for a murder committed while the defendant was a juvenile. **See Miller**, **supra** at 2460. However, **Miller** is inapplicable to Appellant, who was an adult at the time he committed murder. (**See** PCRA Court Order and Notice of Intent to Dismiss, 6/21/16, at 4). Further, Appellant has not pointed to any law in support of his contention that **Montgomery** applies to all cases involving allegedly unconstitutional sentences. Therefore, we reject Appellant's contention that he is eligible for relief under **Montgomery**, and conclude that the PCRA court properly denied his PCRA petition.[4]

Thus, Appellant's PCRA petition is untimely with no statutory exception to the PCRA time-bar applying. **See Hutchins**, **supra** at 53. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

---

[4] Moreover, we note that the fact that Appellant challenges the legality of his sentence does not allow him to evade the PCRA's timeliness requirements. In **Commonwealth v. Fahy**, 737 A.2d 214 (Pa. 1999), the Pennsylvania Supreme Court rejected this contention. The **Fahy** Court stated, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Fahy**, **supra** at 223 (citation omitted). Thus, Appellant cannot elude the PCRA's timeliness requirements based on a claim of an illegal sentence. **See id.**

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/17/2017